UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **BRANDON C. BENJAMIN**<br>    **Plaintiff** | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. _____ |
| **BAYTOWN POLICE DEPARTMENT,<br>CITY OF BAYTOWN, CITY OF<br>BAYTOWN JAIL;<br>OFFICER MARSHALL PIGG,<br>OFFICER JOHN DOE** | §<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Brandon C. Benjamin complains of Baytown Police Department, City of Baytown, City of Baytown Jail, Officer Marshall Pigg, and Office John Doe, ("Defendants") and would respectfully show that:

### I.

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983, the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, Title II of the ADA, 42 U.S.C. § 12132, et seq., and §§ 504 of the RA, 29 U.S.C. § 794, et seq. The subject matter in controversy is within the jurisdiction of this Court and the damages sought are within the jurisdictional limits of this Court. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts, events or omissions giving rise to this claim occurred in Baytown, Texas which falls within the jurisdiction of the United States District Court of the Southern District of Texas.

1

## II.

## PARTIES

2. Bandon C. Benjamin was at the time of all relevant events, a resident of Harris County, Texas.

3. Baytown Police Department is a governmental entity located within the State of Texas, which may be served by delivering a copy of the summons and complaint to the Baytown City Attorney, Ignacio Ramirez, Sr., at 2401 Market St., Baytown, Texas 77520.

4. City of Baytown is a governmental entity located within the State of Texas, which may be served by delivering a copy of the summons and complaint to the Baytown City Attorney, Ignacio Ramirez, Sr., at 2401 Market St., Baytown, Texas 77520.

5. The City of Baytown Jail is a governmental entity located within the State of Texas, which may be served by delivering a copy of the summons and complaint to the Baytown City Attorney, Ignacio Ramirez, Sr., at 2401 Market St., Baytown, Texas 77520.

6. Officer Marshall Pigg is employed by the Baytown Police Department and was acting within the scope of his employment and under color of statutes, ordinances and regulations, customs and usage of the City of Baytown. At the time of the incident, Officer Pigg assumed his role as peace officer. Officer Pigg can be served with process at 1001 Preston St., Ste 911, Houston, Texas 77002; at his place of work 3200 N. Main St., Baytown, Texas 77521; or wherever he may be found.

7. Officer John Doe is or was employed by the Baytown Police Department or the Baytown City Jail and was acting within the scope of his employment and under color of statutes, ordinances and regulations, customs and usage of the City of Baytown. At the time of the incident, Officer John Doe assumed his role as peace officer. At the time of this filing, despite due diligence in determining the identity of Officer John Doe, Plaintiff has not been able

to do so as Defendant, Baytown Police Department and the City of Baytown have all records which could provide this information and despite requests for said records have not produced them at the time of this filing.

### III.

### FACTS

8.   On or about the evening of January 23, 2015, Brandon Benjamin was involved in a single car motor vehicle accident in or around Baytown, Texas.  Mr. Benjamin did not suffer any injuries as a result of this incident, but police were called to the scene.

9.   Mr. Benjamin, prior to the accident, had suffered from substantial hearing loss, for which he had/has to wear hearing aids.

10.   When questioned by Officer Pigg at the scene, Mr. Benjamin gave him his account of the accident and informed Officer Pigg of his hearing disability.

11.   A field sobriety test was administered at the scene, which Baytown Police claimed Mr. Benjamin failed, and Mr. Benjamin was arrested for suspicion of DUI, and he was taken to the City of Baytown Jail where he was booked.

12.   During processing Mr. Benjamin's belt, wallet and hearing aids were removed from his person, and he was placed in a holding cell.

13.   At some point, Mr. Benjamin asked to make a phone call and banged on the cell door to get the guard's attention.  Officer John Doe opened the door to the cell, and Mr. Benjamin asked the guard for his hearing aids back and that he be allowed to make a phone call.  The guard replied to Mr. Benjamin stating that he didn't have to accommodate Mr. Benjamin's requests.

14. At that point Officer Doe began giving Mr. Benjamin instructions, but due to his hearing disability and the fact that his hearing aids had been taken from him earlier, Mr. Benjamin was unable to understand what Officer John Doe was requesting he do, and Officer John Doe mistakenly concluded that Mr. Benjamin was "non-compliant" which prompted Officer John Doe to escalate the situation to the use of force.

15. Based upon information and belief, the escalation of force included Mr. Benjamin being tasered twice and he was hit multiple times on the back of his head and other parts of his body.

16. Mr. Benjamin lost consciousness as a result of Officer John Doe's actions, and when Mr. Benjamin regained consciousness, he was laying on the floor, had been handcuffed, he was injured, and was feeling ill and shaking.

17. Due to his injuries from this assault, paramedics were called, and Mr. Benjamin was transported to a local hospital for evaluation and treatment.

18. Defendants failed to properly takes steps to accommodate Mr. Benjamin's disability and because of this failure to accommodate a known disability, Mr. Benjamin suffered serious and lifelong injuries including memory loss.

### IV.

### CAUSES OF ACTION

19. Plaintiff incorporates by reference the allegations set forth in the previous paragraphs.

**A.     42 USC §1983**

20.    Plaintiff incorporates by reference the allegations set forth in the previous paragraphs.

21.    Defendants violated Brandon Benjamin's rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. Their policies and procedures for identifying, handling and responding to detainees with physical disabilities are constitutionally inadequate.  Defendants' policies failed to provide for adequate protection for Plaintiff's hearing disability and failed to ensure that officers were trained regarding how to communicate with and handle persons with similar disabilities.

**B.     Violations of Title II of the American with Disabilities Act**

22.    Plaintiff incorporates by reference the allegations set forth in the previous paragraphs.

23.    Title II of the American with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132.

24.    Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. §12131 (2).

25.    Plaintiff was denied benefits which were available to other individuals in his situation due to Defendants' deliberate Indifference of Plaintiff's rights.

26.    As a result of Defendants' failure to provide Plaintiff with these benefits Defendants violated the ADA by discriminating against Plaintiff, including but not limited to the following:

5

    a. Failure to ensure Plaintiff was aware and understood his Miranda Rights under the 5th Amendment of the United States Constitution; and

    b. Failure to ensure Plaintiff could understand communications from officers and other personnel in the area so as to avoid confusion by Plaintiff which could, and in fact did, lead to deliberate and excessive force being used against Plaintiff.

27. As a direct and proximate result of Defendants' unlawful discrimination Plaintiff has sustained physical and mental injuries and damages.

**C.    Violations of the Rehabilitation Act**

28. Plaintiff incorporates by reference the allegations set forth in the previous paragraphs.

29. Plaintiff is a "disabled/handicapped" individual as defined by 29 U.S.C 705.

30. The Rehabilitation Act and its implementing regulations require that Defendants administer programs and/or activities in the most integrated setting appropriate to the needs of the qualified person.  28 C.F.R. §41051 and C.F.R. §84.4.

31. As a result of Defendants' denial of services to accommodate Plaintiff's disability Defendants violated the Rehabilitation Act by discriminating against Plaintiff by denying Plaintiff equal opportunity to receive the benefits of Defendants' policies and procedures that are available for the protection of other individuals who were in the same position as Plaintiff.

**D.    Texas State Causes of Action**

    **Negligence**

32. Plaintiff incorporates by reference all allegations set forth in previous paragraphs.

33. Defendants were negligent by failing to take steps to protect Mr. Benjamin because of his preexisting medical condition, failing to determine the extent of that condition and to take precautions to make sure that Plaintiff was able to understand commands being given to him so as to avoid misunderstandings which could lead to the improper use of force against him.

34. Officer Marshall Pigg was aware of Mr. Benjamin's disability and negligently failed to inform other officers and jail staff that disability so that proper accommodations could be given to Mr. Benjamin.

35. Defendants were also negligent by failing to properly communicate with the facility and other officers and/or employees regarding Plaintiff's preexisting medical condition so that others could take proper steps to assure that communications with Plaintiff were handled in such a way as to avoid misunderstandings which could foreseeably lead to the improper use of force.

36. Defendants were also negligent by failing to accurately or completely document Plaintiff's medical condition.

**Assault and Battery**

37. Plaintiff incorporates by reference all allegations set forth in the previous paragraphs.

38. At all relevant times herein, Defendants, by acts and/or omissions and under color of state law did intentionally, knowingly, and/or recklessly cause severe personal injury to Plaintiff.

39. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendants committed assault and battery upon

him when he was intentionally, knowingly, and/or recklessly tased and beaten in or near his holding cell.

40. At no time were Defendants privileged to take the action as force was not necessary, and had Defendants done their diligence they would have known the extent of Mr. Benjamin's disability and taken appropriate steps to avoid such actions.

V.

**DAMAGES**

41. Plaintiff hereby adopts, incorporates, restates and re-alleges all statements made in previous paragraphs of this Complaint with regard to all causes of action.

42. As a result of Defendants' statutory, common law, and Constitutional violations, Plaintiff has suffered serious and substantial damages, including, but not limited to lost past income, lost future income, lost earning capacity, past and future medical costs, pain and suffering, emotional distress, and disfigurement.

VI.

**ATTORNEY'S FEES AND COSTS**

43. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, Plaintiff asserts the right to an award of attorney's fees and costs under its 42 U.S.C. § 1983 pleadings if they prevail.

VII.

**RELIEF REQUESTED**

44. The preceding factual statements and allegations are incorporated by reference.

45. For these reasons, Plaintiff prays for judgment against Defendants, any or all of them, for the following:

    a. Actual damages;

    b. Pre-judgment and post-judgment interests;

    c. Statutory attorney's fees and expenses;

    d. Punitive and exemplary damages against individual defendants;

    e. Costs of Court; and

    f. Such other and further relief as the Court deems just and equitable.

## VIII.

## JURY DEMAND

46. Plaintiff respectfully demands trial by jury and has tendered the appropriate fee for the same.

## IX.

## PRAYER

47. WHEREFORE, Plaintiff respectfully requests Defendants to be cited and appear and answer herein, and that upon final trial hereof, the Court award the requested relief against Defendants.

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ Clyde "Chip" Adams*

_____
CLYDE "CHIP" ADAMS
State Bar No. 24026761
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: chip@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**